**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 15-cv-1785-RM-MJW

HISPANIC AFFAIRS PROJECT, ET AL.,
    Plaintiffs,

v.

THOMAS PEREZ, ET AL.,
    Defendants.

---

**JOINT MOTION TO ADMINISTRATIVELY CLOSE CASE AND TO STRIKE
MISTAKENLY DOCKETED PARTIES AND DOCUMENTS, AND RESPONSE TO
ORDER TO SHOW CAUSE [ECF DOC. 40]**

---

The Parties jointly filed a status report and motion on May 8, 2017 that explained what claims were transferred to the United States District Court for District of Colorado from the United States District Court for the District of Columbia and simultaneously moved the Court to strike mistakenly docketed documents and parties that were only relevant to the claims that remain in the District of Columbia. *See* ECF Doc. 37. The Court denied the Motion without prejudice because counsel for Defendant Western Range Association had not yet entered an appearance. *See* ECF Doc. 38. Moreover, the Court ordered that "to the extent the parties' Motion advises the Court as to named parties and/or counsel that have been listed or captioned in this action incorrectly, the parties are directed to include the appropriate docket entry so indicating." *Id.*

Since then, counsel for Defendant Western Range Associate has entered an appearance, ECF Doc. 39, and the Court ordered "on or before Friday, June 23, 2017, the parties shall show cause why this action should not be administratively closed, subject to reopening for good cause," ECF Doc. 40.

For the reasons explained in their May 8, 2017 status report and motion, the Parties continue to believe that the Court should stay this case pending decisions on the claims still in the District of Columbia or a decision in a separate, but potentially related, case in the Tenth Circuit. *See* ECF Doc. 37 at 2.[1] The Parties' understanding is that the Court's proposed administrative closing, ECF Doc. 40, would have the same effect as a stay, *i.e.*, the Court would maintain jurisdiction and the case could be reopened *sua sponte* or by petition of a party at any time without the need for refiling. *See, e.g., Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) ("Designating a case 'closed' does not prevent the court from reactivating a case either of its own accord or at the request of the parties."); *see also Dees v. Billy,* 394 F.3d 1290, 1294 (9th Cir. 2005) ("[T]hose circuits that have confronted the issue have unanimously [agreed] . . . that an administrative closing has no jurisdictional effect."). **The Parties therefore consent to the Court's proposal that the case be "administratively closed, subject to reopening for good cause."**

Further, to minimize confusion if the case is reopened, the Parties move the Court to strike documents and parties that were mistakenly transferred from the District of Columbia. Before the bifurcation and transfer, this case included Administrative Procedure Act (APA) claims against federal agencies brought by several individual plaintiffs and the Hispanic Affairs project (HAP), a non-profit organization. The case also included private claims by John Doe, Alfredo Salcedo, and Rafael De La Cruz against Defendants Western Range Association and Mountain Plains Agricultural Service. The APA claims remain in the District of Columbia in front of Judge Howell, while the private claims were transferred here. Despite the bifurcation of claims and parties

---

[1] The Parties continue to disagree about precisely how either the Tenth Circuit appeal or the D.C. action will affect the claims pending here, but are in agreement that it makes sense to litigate those issues after a decision from one of these other courts. *Id.*

between districts, **all** pending motions and **all** parties were mistakenly transferred here and are reflected on the docket.

The government defendants – USDOL, DHS, and respective secretaries in their official capacities – were improperly transferred because they were only parties to the APA claims that remain in the District of Columbia. However, they were stricken automatically by the Court because their attorneys were not admitted. *See* ECF Docs. 29, 30. Nothing further need be done.

Plaintiff HAP is also **only** a party to the APA claims still in the District of Columbia, but it is erroneously captioned as a Plaintiff here. *See* ECF Doc. 23 at ¶¶ 117-26 (APA claim in Seconded Amended Complaint). HAP should therefore be stricken as a party, as it brings no claims in the Colorado case.

Finally, the Parties have finished briefing cross-motions for summary judgment on the APA claims in the District of Columbia and those motions are currently pending in front of Judge Howell. However, these motions and filings related to these motions are mistakenly on the docket here. *See* ECF Docs. 24-27, 35. These docket entries should be stricken, as they relate only to claims in the District of Columbia.

The Parties therefore jointly propose the following:

1. That the case be administratively closed pending a showing of good cause for reopening.
2. That Plaintiff HAP and ECF Docs. 24-27, 35 be stricken from record.

                                                  Respectfully Submitted,

                                                  s/Alexander Hood
                                                  Alexander Hood
                                                  Nina DiSalvo
                                                  TOWARDS JUSTICE
                                                  1535 High St., Suite 300
                                                  Denver, CO 80218
                                                  720-239-2606
                                                  303-957-2289 (fax)

alex@towardsjustice.org

*Attorneys for Plaintiffs*

s/J. Larry Stine
J. Larry Stine
Wimberly, Lawson, Steckel, Schneider & Stine, P.C.
3400 Peachtree Rd. N.W.
Suite 400, Lenox Towers
Atlanta, GA 30326
404.365.5606
404.926.2124 (fax)

*Attorney for Defendant Mountain Plains*

s/Ellen Jean Winograd
Ellen Jean Winograd, Attorney at Law
Woodburn and Wedge
6100 Neil Road  Suite 500
Reno, NV 89511
775.688.3000
ewinograd@woodburnandwedge.com

*Attorney for Defendant Western Range*

**Certificate of Service**

I hereby certify that on June 23, 2017, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                                                              s/Alexander Hood
                                                              Attorney for the Plaintiffs